**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1490

WILLIAM SMITH,

Plaintiff, Appellant,

v.

FORTIS BENEFITS INSURANCE COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE
[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Torruella and Howard, Circuit Judges,
and Schwarzer,[*] Senior District Judge.

James F. Lafrance, with whom Normandin, Cheney & O'Neil was on brief, for appellant.
Joshua Bachrach, with whom Rawle & Henderson LLP, was on brief, for appellee.

October 9, 2003

---

[*] Of the Northern District of California, sitting by designation.

**Per Curiam**.  William Smith ("Smith") appeals from the district court's grant of summary judgment affirming the denial of disability benefits under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1).  We affirm the district court's judgment for the reasons stated by the district judge in his Memorandum and Order.  Smith v. Fortis Benefits Ins. Co., No. Civ. 02-55-B (D.N.H. Mar. 6, 2003) (Barbadoro, C.J.).  We outline a few points relevant to appellant's claims.

As the relevant facts are set out in the district court's Memorandum and Order, we give only the essentials.  Smith was employed as a project/test electronics engineer at New England Semiconductor ("NES").  Smith sought benefits from Fortis Benefits Insurance Company ("Fortis") in December 1999 under their Long Term Disability Plan ("the Plan") after suffering a heart attack.  Fortis denied Smith's application for long term disability benefits finding Smith's medical limitations did not prevent him from performing any of the material duties of his position.  Smith exhausted his administrative appeals in September 2000, when Fortis's Appeals Committee denied his appeal based on a finding that he was capable of working at light to sedentary levels.

The district court granted Fortis's motion for summary judgment, finding that there was substantial evidence reasonably sufficient to support Fortis's decision.  We review grants of summary judgment de novo, applying the same standard of review to

-2-

the administrative determination that was appropriate in the district court.  See Leahy v. Raytheon Co., 315 F.3d 11, 18 (1st Cir. 2002).

Appellant's main assertion is that the district court erred in applying the arbitrary and capricious standard to his claims, because Fortis allegedly had a conflict of interest.  The Plan states that Fortis "has the sole discretionary authority to determine eligibility for participation or benefits and to interpret the terms of the Policy.  All determinations and interpretations made by [Fortis] are conclusive and binding on all parties."  Appellant contends this clause creates a conflict of interest and, under Leahy, 315 F.3d at 16, and Doyle v. Paul Revere Life Ins. Co., 144 F.3d 181, 184 (1st Cir. 1998), we are required to apply a heightened standard to Smith's claim.

We agree with the district court that Smith is overreaching.  First, there is no indication of the type of actual conflict that we counseled against in Leahy and Doyle.  In Pari-Fasano v. ITT Hartford Life & Accident Ins. Co., 230 F.3d 415, 418 (1st Cir. 2000), we held that the arbitrary and capricious standard is not altered by a potential conflict of interest.  Instead, "we [take] into account the potential for conflict in considering whether the insurer's decision had strayed outside the bounds of reasonableness to become an abuse of discretion."  Id. at 419.  We

can discern neither a conflict of interest nor an abuse of discretion in Smith's case.

The rest of appellant's arguments cannot be successful. The Supreme Court has held that the treating physician rule, which appellant urged be applied to him, does not apply in ERISA cases. See Black & Decker Disability Plan v. Nord, ___ U.S. ___, 123 S. Ct. 1965, 1972 (2003). In addition, appellant urges us to reverse the district court because Fortis did not give due deference to the Social Security Administration's decision that he was disabled. We have stated that these decisions should not be given controlling weight. Lopes v. Metro. Life Ins. Co., 332 F.3d 1, 6 n.9 (1st Cir. 2003)(quoting Pari-Fasano, 230 F.3d at 420). Nor is there merit in Smith's argument that Fortis erroneously classified Smith's duties as light or sedentary. Substantial evidence supports that determination.

For the foregoing reasons, the district court's grant of summary judgment is **affirmed**.